## THORNTON v. BORLAND.

Where a demurrer to a complaint is overruled, and an application subsequently made for leave to file an answer, the allowance of the application rests in the discretion of the Court, subject to review in case of its arbitrary or unreasonable exercise. The exercise of this power by the Court, must in a great degree depend upon the special circumstances of each case, and be so governed as to prevent delays and to promote justice.

In such case, where no application was made to the Court for leave to answer, and no meritorious defense was asserted, this Court will not reverse the judgment and open the case for another trial.

The point decided in the case of Gallagher v. Delaney, (10 Cal. R. 410) only covers that particular case.

APPEAL from the Fifth District, County of San Joaquin.

The facts sufficiently appear in the opinion of the Court.

*Wallace & Rayle* for Appellant.

*L. Sanders, Jr.,* for Respondent.

FIELD, J., delivered the opinion of the Court—BALDWIN, J., concurring.

This action is for labor and services rendered by the plaintiff at the request of the defendant. The complaint is in the usual form of complaints in such cases, averring distinctly and clearly, and without unnecessary repetition, every fact essential to a perfect statement of the cause of action ; the labor and services performed ; their rendition at the request of the defendant ; his undertaking to pay their reasonable worth ; what they were thus worth, and his neglect to pay upon demand ; and concludes with the usual prayer for judgment. It would seem to have been copied from the most approved precedents. Yet to this complaint—as perfect as the science of pleading could make it —the defendant demurred on the ground that it did not state facts sufficient to constitute a cause of action ; that it showed no sufficient consideration for the undertaking to pay; and made no demand for judgment. The Court, as a matter of course, regarded the demurrer as frivolous, and overruled it. Proof was then made of the claim of the plaintiff, and judgment rendered in his favor ; and the objection made by the appellant is, that leave was not given to put in an answer. The reply to the objection is found in the statute, which provides that in overruling a demurrer to the complaint, " the Court may, upon such terms as shall be just, and upon payment of costs, allow the defendant to file an answer." (Practice Act, sec. 67, as amended in 1854.) The allowance rests in the discretion of the Court below, subject to review, of course, in case of its arbitrary or unreasonable exercise. The exercise of the power must in a great degree depend upon the special circumstances of each case, and be so governed as to prevent delays and to promote justice. The party whose demurrer is overruled, ought to be required to obtain leave to answer, to satisfy the Court that he has a substantial defense on the merits to the action. In the case at bar, nothing of the kind was done ; no application for leave to answer was made, and no possession of any meritorious defense

was asserted.    Under these circumstances, the action of the Court below was proper, and must be affirmed.

The decision in Gallagher v. Delaney, (10 Cal. 410) does not help the appellant.    That only covers the particular case; it lays down no general rule.    It there appeared that the complaint could be so amended as to present distinctly the claim of the plaintiff to the relief he sought, and we held that the Court should have granted leave to amend, upon sustaining the demurrer.    Here the demurrer was overruled, and it did not appear that the defendant had any defense on the merits.

Judgment affirmed.