## WILLIAM LORD *v.* HORACE HOPKINS.

AMENDMENT TO COMPLAINT.—If the defendant demurs to the complaint, it is error for the Court to refuse the plaintiff leave to amend his complaint before the decision on the demurrer.

AMENDMENT OF COMPLAINT AFTER DEMURRER.—If a demurrer to the complaint is sustained, the plaintiff is entitled to leave to amend the complaint, unless the complaint is so defective that it cannot be made good by any amendment.

APPEAL from the District Court, Eighth Judicial District, Klamath County.

The plaintiff appealed from the judgment.
The other facts are stated in the opinion of the Court.

*Daingerfield, Highton & Hambleton,* for Appellant.

" After demurrer, and before the trial of issue on demurrer, either party may, within ten days, amend any pleading demurred to, *of course,* and without costs, filing the same as amended, and serving a copy thereof upon the adverse party or his attorney, who shall have ten days to answer or demur thereto ; but a party shall not so amend more than once." (Practice Act, Sec. 67.)

The sixty-seventh section of the Practice Act of this State, so far as the question under consideration is concerned, is substantially the same as the first subdivision of section one hundred and seventy-two of the New York Code. (Voorhies' Code, 8th Edition, 1864, pp. 344, 345.)

And the authorities in New York are distinct to the point that the right to amend within the time specified is absolute, and cannot be affected by any action upon the part of the Court.

" The Court held that section one hundred and seventy-two of the code gives the right to amend, of course, after the receipt of a demurrer, without any restriction as to what has previously occurred in the cause." (*Cooper* v. *Jones*, 4 Sand. 699.)

" The right to amend is absolute, subject only to the power of the Court to strike out for cause shown." (*Griffin* v. *Cohn et als.*, 8 How. Pr. 453 ; *Thompson* v. *Minford et al.*, 11 How. Pr. 275 ; *Burrall* v. *Moore*, 5 Duer. 655, 656.)

*Chas. Westmoreland*, and *Geo. Cadwalader*, for Respondent.

Section sixty-seven, in substance, provides that a plaintiff may, after a demurrer has been filed, amend his complaint by filing the same as amended, and serving a copy upon the adverse party ; provided it is done before the trial of the demurrer, and before ten days have elapsed since the filing of the demurrer. In other words, to amend, as of course requires the plaintiff to comply with these requirements.

*First*—He must file and serve his complaint as amended.

*Second*—He must do it before the demurrer is called up for argument.

*Third*—He must do it within ten days after the demurrer is filed.

These rules are not necessarily inconsistent with each other, nor do they require impossibilities.

By the Court, SHAFTER, J. :

The complaint was filed September 28th, 1864, and was demurred to on the 8th of October following. On the 13th of that month the case was called for trial. The plaintiff asked leave to file an amendment to his complaint, and for that purpose that he be granted ten days, reckoning from the day on which the demurrer was filed. The Court refused to grant any time therefor ; whereupon, after argument, the demurrer was sustained and judgment was duly entered for the defendant.

The ruling of the Court, denying the application to amend,

was erroneous, according to the decision in *Gallagher* v. *Delaney*, 10 Cal. 410, as limited and explained in *Thornton* v. *Borland*, 12 Cal. 438, and in *Smith et als.* v. *Yreka Water Company*, 14 Cal. 201. If the plaintiff had foreborne to move for leave to amend until after the question upon the demurrer had been decided, and had then made his application, and it had been refused and judgment had been entered thereupon, the judgment would have been reversed. Here the plaintiff, by his own motion made in advance, virtually confessed that his complaint was defective and thereby obviated the necessity of judicial action on the question.

The objection that the complaint was so defective that it could not be made good by any amendment that could have been made, is not, in our opinion, well taken.

Judgment reversed and cause remanded.