THE FAJARDO DEVELOPMENT CO. *v.* SUCESIÓN MORFI.

APELACIÓN procedente de la Corte de Distrito de Humacao.

No. 671.—Resuelto en mayo 31, 1911.

ENMIENDA DE LA DEMANDA—AUTORIZACIÓN EXPRESA E IMPLÍCITA.—El hecho de conceder explícitamente permiso para enmendar una demanda respecto a ciertos extremos, implica el de poder hacer cualquiera otra enmienda, que aunque no autorizada de una manera clara, sea necesaria para que la enmienda permitida no resulte ociosa e inútil.

ID.—DISCRECIÓN DEL TRIBUNAL—LIBERALIDAD EN LA CONCESIÓN DE ENMIENDAS.—
Si bien es discrecional en la corte que conoce del caso, conceder o nó permiso
para enmendar alegaciones, la jurisprudencia y el buen sentido aconsejan libe-
ralidad para permitirla, y solamente debe negarse el permiso cuando la ale-
gación sea defectuosa de tal manera, que por sí misma muestre que no puede
enmendarse.

ID.—OMISIÓN DE UN HECHO ESENCIAL QUE PUEDA SER ALEGADO.—Cuando, como
en el presente caso, la alegación sólo es deficiente por haber dejado de alegar
algún hecho esencial que pueda ser alegado, debe concederse permiso para
hacerlo.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Luis Muñoz Morales.*

Abogados de los apelados: *Sres. Aponte y Aponte.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tri-
bunal.

La corporación The Fajardo Development Co. presentó en
la Corte de Distrito de Humacao una demanda enmendada
contra los demandados arriba mencionados, alegando que és-
tos, y entre ellos Félix Morfi Maldonado, menor de edad, le
habían vendido dos parcelas de tierra de otra finca mayor
que adquirieron por herencia de Juan Bautista Maldonado,
por lo que solicitaba se les condenara a otorgarle escritura
pública de la venta.

Tal demanda fué excepcionada por dicho menor por los
siguientes fundamentos: 1. porque no aducía hechos bastantes
que determinasen una causa de acción; 2. porque la corte ca-
recía de jurisdicción por la materia; y 3. por ser la demanda
ambigua, incierta y dudosa, al no describir las parcelas segre-
gadas y vendidas.

Las excepciones mencionadas, fueron resueltas por la cor-
te en la siguiente manera:

"Hoy 20 de julio de 1910, la corte resuelve: En cuanto a la excep-
ción previa separada presentada por el demandado menor de edad
Félix Morfi y Maldonado, se declara con lugar en cuanto a la primera
causa de excepción, o sea que la demanda no aduce hechos suficientes
para determinar una causa de acción contra dicho menor, fundado
en que no se alega en la demanda que la venta de la participación
perteneciente a dicho menor, fuera hecha previa la declaración de

necesidad y utilidad que exige la ley. Se declara sin lugar en cuanto a la excepción por falta de jurisdicción, primero, porque la jurisdicción de las cortes de distrito siendo de naturaleza general, se presume siempre cuando en la demanda no se alegue cantidad suficiente que pueda privarla de dicha jurisdicción; y segundo, porque del hecho siete de la demanda enmendada se alega que el precio de los bienes cuya venta desea formalizarse, excedió al momento de presentarse la demanda de la suma de quinientos dollars. Se declara con lugar en cuanto a la tercera excepción de ambigüedad, por no describirse en la demanda las porciones vendidas que se segregaron de la finca principal que describe el hecho segundo de la demanda enmendada, y sí solamente una porción, digo, relación de las porciones, como aparecen por los documentos privados en poder exclusivo de la parte demandante, sin que alegue que la descripción de tales porciones segregadas intervinieron los demandados, ni que la venta efectuada fuese bajo tales condiciones, y se conceden diez días a la parte demandante para enmendar su demanda en cuanto a la última excepción, imponiéndole las costas.''

En 28 de julio la demandante solicitó prórroga del tiempo para enmendar su demanda, concediéndosele en 3 de agosto, cinco días para presentar la enmienda en cuanto al defecto de ambigüedad.

La nueva demanda enmendada tiene fecha de 4 de agosto, sin que conste del récord la de su presentación; pero en 10 del mismo mes se dictó por la corte la siguiente sentencia:

''SENTENCIA.

''Por cuanto, el día 19 de julio de 1910, día señalado para la vista de excepciones en este caso, compareció la demandante representada por su abogado Luis Muñoz Morales y los demandados por los abogados Aponte y Aponte y M. Tous Soto, la corte, oídas las excepciones y mociones de eliminación, se reservó su resolución y con fecha 20 de julio de 1910, resolvió: En cuanto a la excepción previa separada presentada por el demandado menor de edad Félix Morfi y Maldonado, se declara con lugar en cuanto a la primera causa de excepción, o sea que la demanda no aduce hechos suficientes para determinar una causa de acción contra dicho menor, fundada en que no se alega en la demanda que la venta de la participación perteneciente a dicho menor fuera hecha previa la declaración de necesidad y utilidad que exige

la ley.   Por cuanto con fecha 5 de agosto de 1910, el demandado Félix Morfi y Maldonado, por medio de sus abogados solicitó de la corte el pronunciamiento de sentencia a su favor y en contra de la parte demandante, en atención a haber sido declarada con lugar la excepción que dicho demandado presentara a la demanda en este caso, por el motivo de no aducir hechos suficientes para determinar una causa de acción, cuya resolución dictó esta corte sin permiso a la demandante para poder enmendar la demanda.   Por tanto, hoy día 9 de agosto de 1910, la corte resuelve dictar sentencia a favor de Félix Morfi y Maldonado, por no aducir hechos suficientes para determinar una causa de acción la demanda en este caso entablada contra él, y se desestima la demanda en cuanto al expresado menor Félix Morfi y Maldonado.   Humacao, agosto 10 de 1910.  (Firmado)  Jorge V. Domínguez.''

Este fallo fué registrado por el secretario de la corte en 13 de diciembre siguiente, y en 11 de enero posterior, la corporación demandante estableció contra ella la apelación que es objeto del presente recurso.

La sentencia en este caso, está fundada únicamente en la resolución de excepciones y es consecuencia de ella.   Resuelve y determina que la demanda no aduce hechos que determinen una causa de acción contra el demandado Félix Morfi Maldonado, por lo que la desestima.

Por consiguiente, estando basada la sentencia en la resolución a las excepciones del demandado, estamos en condiciones de examinar la demanda y las excepciones contra ella deducidas, para decidir si la sentencia es o nó justa.

La primera cuestión que se nos ocurre, es, si al conceder la corte expresamente permiso para enmendar la demanda, en cuanto al demandado Félix Morfi Maldonado por la ambigüedad que se declaró existir en ella, estaba o nó concedido también para exponer hechos que determinasen una causa de acción.

Desde el momento en que se concedió permiso para enmendar en cuanto a una excepción sostenida, tenía el demandante el derecho de presumir que también se le concedía en cuanto a subsanar los defectos que habían servido de base

para la otra excepción, y con tanta más razón, cuanto que no le había sido negado expresamente.

De otro modo, habría que llegar a la conclusión de que la resolución de excepciones que sirve de fundamento a la sentencia, es contradictoria, porque no puede comprenderse cómo se puede dar permiso para enmendar la demanda a fin de que no resulte ambigua, si por estar impedida la demandante para hacer enmiendas en cuanto a aducir hechos que determinasen una causa de acción, había de quedar la nueva alegación enmendada de tal manera que haría inútil el permiso y la enmienda desde el momento que habría de quedar sin hechos bastantes para la acción ejercitada.

Así pues, el hecho de conceder explícitamente permiso para enmendar una demanda respecto a ciertos extremos, implica el de poder hacer cualquiera otra enmienda, que aunque no autorizada de una manera clara, sea necesaria para que la enmienda permitida no resulte ociosa e inútil.

Además, si bien es discrecional en la corte que conoce del caso, conceder o nó permiso para enmendar alegaciones, la jurisprudencia y el buen sentido aconsejan liberalidad para permitirlas, y solamente debe negarse el permiso cuando la alegación sea defectuosa de tal manera, que por sí misma muestre que no puede enmendarse.

En conformidad, con esta doctrina se ha resuelto:

Si se declara con lugar la excepción previa formulada a la demanda, el demandante tiene derecho a que se le conceda permiso para enmendar, a menos que la demanda sea tan defectuosa que no pueda tener validez aunque se enmiende."

*Ridwal* v. *Ragan,* 12 Pac., 343; *Lord* v. *Hopkins,* 30 Cal., 76.

"El artículo debe interpretarse liberalmente con el fin de que se cumpla su objeto y se facilite la justicia. Puede observarse de una manera mejor resolviendo las causas por sus méritos esenciales, más bien que ateniéndose estrictamente a las reglas de tecnicismo y procedimiento. La discreción de la corte siempre será ejercitada de acuerdo con el espíritu de la ley y de tal modo que se favorezcan en vez de que se obstaculicen o destruyan los fines de la justicia."

*Melde* v. *Reynolds,* 128 Cal., 308, 311; 61 Pac. Rep., 932; *Palace*

*H. Co.,* v. *Smith,* 134 Cal., 381, 384; 66 Pac. Rep., 474; *Nicoll* v. *Weldom,* 130 Cal., 666, 667; 63 Pac. Rep., 63.

"La corte inferior debe liberalmente conceder que se hagan enmiendas en beneficio de la justicia y con el fin de obtener un juicio rápido e imparcial sobre los méritos; y la negativa arbitraria en conceder tales enmiendas cuando son procedentes, sería un fundamento para la intervención de la Corte Suprema."

*Smith et al.* v. *Yreka Water Co.,* 14 Cal., 201.

"Debe permitirse a los demandantes que enmienden sus demandas a fin de que sus derechos concedidos por la ley puedan ser presentados para su resolución, o para expresar la causa de acción."

*MacDonald* v. *Bear River and W. & M. Co.,* 15 Cal., 145; *Nevada County & Canal Co.* v. *Kidd,* 28 Cal., 673.

"Constituye error el dictar sentencia definitiva, fundada la misma en la excepción previa formulada a la demanda. Cuando la demanda es defectuosa, la corte debe declarar con lugar la excepción previa concediendo permiso al demandante para enmendar su demanda y si entonces el demandante no hace enmiendas, debe dictarse sentencia definitiva."

*Gallager* v. *Delanoy,* 10 Cal., 410.

La demanda de que se trata, alega que un menor de edad vendió su participación en cierta finca, pero no dice si obtuvo o no autorización judicial para realizarla, que es un hecho necesario para que su enajenación sea válida, por lo que resulta carecer de un hecho que es preciso alegar y que tal vez puede alegarse, pero no aparece de su faz que no se obtuviera la expresada autorización, en cuyo caso hubiera demostrado carencia absoluta de derecho para reclamar una obligación que resultaría nula, según la propia demanda.

Cuando, como en el caso presente, la alegación sólo es deficiente por haber dejado de alegar algún hecho esencial que puede ser alegado, debe concederse permiso para hacerlo.

Por tanto, la demanda no era defectuosa de tal manera que necesariamente habría de originar sentencia en contra de la demandante, sino que carecía de cierto hecho que podía ser alegado, y al pronunciarse una sentencia basada en que la demanda no contenía hechos bastantes para determinar una causa de acción, cometió error la corte inferior.

Por lo expuesto la sentencia debe ser revocada, debiendo la corte inferior continuar los procedimientos de acuerdo con esta opinión.

*Revocada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y del Toro.