HERNÁNDEZ ET AL., PETICIONARIOS, *v.* CUEVAS ZEQUEIRA, JUEZ DE DISTRITO, DEMANDADO.

SOLICITUD para que se expida un auto de *certiorari* al Juez de la Corte de Distrito de Humacao, en procedimientos sobre traslado de pleito.

No. 175.—Resuelto en febrero 19, 1917.

TRASLADO DE PLEITO—APELACIÓN—SUSPENSIÓN DE PROCEDIMIENTOS—FIANZA O DEPÓSITO—CERTIORARI.—Una apelación contra una orden rehusando conceder el traslado de un pleito a otro distrito, no suspende los procedimientos en el mismo, según el artículo 298 del Código de Enjuiciamiento Civil; y aunque la prestación de una fianza o depósito (*supersedeas*) es parte de la formalización de una apelación en California o Idaho, de donde dicho artículo fué tomado, no lo es en Puerto Rico.

Los hechos están expresados en la opinión.

Abogados de los peticionarios: *Sres. Fernando Vázquez y José R. F. Savage.*

El demandado no compareció.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Ante la Corte de Distrito de Humacao los demandados en el pleito civil No. 4573, en el cual los peticionarios en este recurso son los demandantes, presentaron en 11 de diciembre de 1916 una moción para el traslado del pleito a la Corte

de Distrito de Guayama. Esta moción fué declarada sin lugar en enero 9, 1917, y en enero 18 los demandados apelaron de esa resolución para ante esta corte. En el mismo día en que interpusieron su apelación, dichos demandados solicitaron la suspensión de todos los procedimientos en dicho pleito No. 4573 hasta tanto que esta Corte Suprema resolviera la apelación interpuesta contra la citada resolución. En enero 26 de 1917, el demandado en este recurso, en su calidad de juez de la Corte de Distrito de Humacao, declaró con lugar la moción de los demandados y ordenó que todos los procedimientos en el pleito fueran suspendidos hasta tanto que esta Corte Suprema resolviera la apelación interpuesta contra la resolución denegando el traslado. Con motivo de esta última orden los peticionarios han presentado su solicitud de *certiorari.*

El artículo 298 del Código de Enjuiciamiento Civil dispone:

"La formalización de un recurso de apelación, ('mediante la fianza o depósito mencionados en el artículo ——' según el texto inglés), suspende los procedimientos en la corte inferior en cuanto a la sentencia u orden apelada, salvo cuando dispusiere la venta de cosas susceptibles de pérdida o deterioro, en cuyo caso la corte inferior podrá ordenar que se vendan dichas cosas, depositándose su importe hasta que dicte su sentencia la corte de apelación. Y salvo también, cuando la sentencia declare al demandado culpable de usurpación, intromisión o ilegal desempeño de un cargo público, civil o militar, en esta Isla. Y salvo asimismo, cuando la orden conceda o rehuse conceder, un cambio de lugar para la celebración del juicio."

La ley es completamente clara y ni la Corte de Distrito de Humacao ni los demandados en el pleito original nos han mostrado razón alguna para que nos apartemos de ella. Un *supersedeas* es parte de la formalización de una apelación en California e Idaho, de donde el artículo en cuestión fué tomado, pero en este caso hay que advertir que no se trató de prestar fianza ni se dió ningún otro paso que justificara a los demandados en llamar a su solicitud "moción sobre *supersedeas.*" No hay lugar para un *supersedeas,* de acuerdo

con los términos de la ley citada. Véase también *Amsterdam v. Puente et al.,* 15 D. P. R. 153.

La orden de enero 26, 1917, que ha motivado esta solicitud de *certiorari* debe ser anulada.

> *Declarada con lugar la solicitud y anulada la orden de suspensión de procedimientos.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.