UNITED STATES CASUALTY COMPANY, demandante y apelada, *v.* JUAN MÉNDEZ PÉREZ, demandado y apelante.

No. 4388.—*Visto:* Diciembre 5, 1927. *Resuelto:* Diciembre 24, 1927.

1. APELACIÓN Y ERROR—DESESTIMACIÓN, RETIRO Y ABANDONO—FALTA DE JURISDICCIÓN APELATIVA.—Cuando se solicita una desestimación por no constar de los autos la fecha del archivo del escrito de apelación y de ellos aparece la fecha de la notificación y se acompaña a la oposición certificación creditiva de que tal notificación se radicó en tiempo, la jurisdicción del Supremo es evidente y no procede desestimar.

2. APELACIÓN Y ERROR—EFECTO DE TRANSFERIR LA CAUSA O PROCEDIMIENTOS PARA ELLO—FACULTADES Y PROCEDIMIENTOS DE LA CORTE INFERIOR—APELACIÓN CONTRA RESOLUCIONES INTERLOCUTORIAS—TRASLADO DEL PLEITO.—Apelada resolución denegatoria de un traslado, el hecho de que se conteste la demanda,

interpuesto ya el recurso, no implica el sometimiento del apelante a la juris-
dicción de la corte inferior porque dicho recurso no suspende los procedi-
mientos.

Moción sobre desestimación de apelación, interpuesta ésta contra resolución de *Charles E. Foote*, J. (Mayagüez), declarando sin lugar solicitud de traslado. *No ha lugar.*

*Salvador Suau,* abogado del apelante; *Oscar Souffront,* abogado del apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

El demandado en este pleito solicitó el traslado del mismo a la corte de distrito de su residencia, Aguadilla. La Corte de Distrito de Mayagüez lo negó el 22 de agosto de 1927. Apeló el demandado, quedando archivada la transcripción de los autos en la Secretaría de esta Corte Suprema el 28 de septiembre último. Ambas partes presentaron sus alegatos y en tal estado el procedimiento la parte apelada solicita la desestimación del recurso porque no consta la fecha en que se archivó el escrito de apelación y por tanto no surge de los autos la jurisdicción del Tribunal Supremo y porque habiendo el demandado contestado la demanda después de interpuesto el recurso se sometió voluntariamente a la jurisdicción de la Corte de Distrito de Mayagüez y en tal virtud resulta su apelación académica.

La parte apelante se opuso, con razón, a nuestro juicio.

[1] En cuanto al primer motivo de la desestimación bastará decir que aparece de los autos que la notificación de apelación transcrita en los mismos tiene fecha 31 de agosto, 1927, transcribiéndose además un *affidavit* de haber hecho igual notificación por correo al abogado de la parte contraria el propio día 31 de agosto, 1927, y como se acompañó a la oposición una certificación expedida por el Secretario de la Corte de Distrito de Mayagüez creditiva de haberse radicado la notificación de apelación el 1 de septiembre de 1921, la jurisdicción de esta Corte Suprema es evidente. No habían transcurrido los diez días que concede la ley para apelar.

· [2] Y en cuanto al segundo motivo es contestación suficiente lo dispuesto en el artículo 298 del Código de Enjuiciamiento civil y lo resuelto por esta Corte Suprema entre otros en los casos de *Hernández, et al* v. *Cuevas Zequeira,* 24 D.P.R. 813, *Santalís* v. *El Zenit,* 28 D.P.R. 695 y *Sucesores de Abarca* v. *Nones et al.,* 30 D.P.R. 866. Como la apelación de una orden concediendo o rehusando conceder un cambio de lugar para la celebración del juicio no suspende la continuación del litigio en la corte inferior, el hecho de que el demandado archive su contestación ante la misma, no implica que se someta a su jurisdicción. Todo se hace sujeto a la resolución que pueda recaer en la apelación establecida.

, *No ha lugar a desestimar el recurso.*