EL PUEBLO DE PUERTO RICO, demandante y apelante, *v.* SUCN. DE J. SERRALLÉS, compuesta de PEDRO JUAN, JUAN EUGENIO SERRALLÉS; JULIA SERRALLÉS DE WIRSHING, y MERCEDES M. SERRALLÉS, demandada y apelada.

No. 4587.—*Sometido:* Mayo 23, 1929. *Resuelto:* Diciembre 3, 1929.

*Hón. Attorney General James R. Beverley, J. A. López Acosta, Procurador General Interino, Arturo Ortiz Toro, Primer Procurador Auxiliar y R. A. Gómez, Sub-Procurador,* abogados del apelante; *Francisco Parra Capó, Jaime Sifre Jr. y F. Ochoteco,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

El Pueblo de Puerto Rico, presentó ante la Corte de Distrito de Ponce, una demanda fechada en 17 de junio de 1926, en la que alega que la Sucesión de J. Serrallés, la demandada, adeuda al demandante por concepto de *Income tax*, o impuesto sobre ingresos, una suma de $82,346.34, de acuerdo con la especificación que aparece en un *exhibit* que se une a la demanda, formando parte de ella, y correspondiendo, de ese total, $412.38 a *income tax* de 1918, $11,643.58 a *income tax* de 1919, y $70,290.38 a *income tax* de 1920; que a pesar de hallarse vencidas esas contribuciones, no las ha querido pagar la Sucesión Serrallés, después de ser requerida al efecto. A la demanda se acompaña una certificación del Auditor de Puerto Rico, ''conteniendo un estado demostrativo del cual aparece que la Sucesión de J. Serrallés adeuda al Pueblo de Puerto Rico la suma de $82,346.34 por concepto de contribuciones sobre ingresos (*income tax*) correspondientes a los años contributivos de 1918, 1919 y 1920, según aparece de un informe oficial rendido al Auditor de Puerto Rico en mayo 19, 1925, y endosado por él al Honorable Gobernador de Puerto Rico en mayo 20, 1925.'' En el informe se establecen las cantidades antes señaladas, bajo el título ''Saldo pendiente de pago'', en cada año, y después de deducir la contribución de acuerdo con la liquidación del Departamento de Hacienda.

La sucesión demandada presentó excepción previa a la demanda, fundándola en falta de hechos para constituir causa de acción, falta de capacidad para demandar, y hallarse prescrita la acción.

Oídas las partes en la excepción previa, la corte dictó una resolución por la que se declaró con lugar la excepción en sus motivos de falta de hechos suficientes para determinar causa de acción, y prescripción, y se desestimó la demanda, dictándose sentencia al efecto. Contra ésta se ha apelado ante este Tribunal Supremo.

En la resolución de las excepciones la corte copia

parte del informe del Auditor de Puerto Rico, del que es parte interesante el párrafo primero, que dice:

"En cumplimiento de lo que dispone el artículo 126 del Código Político, yo Frederick G. Holcomb, por el presente CERTIFICO:"

El artículo 126 del Código Político, se halla redactado así:

"Artículo 126. En todos los casos en que un Saldo definitivo, certificado como existente a favor del Pueblo de Puerto Rico, no fuere satisfecho dentro de un plazo razonable, el Contador dirigirá una solicitud por escrito al Attorney General de Puerto Rico, para que proceda al cobro de la deuda por la vía judicial, remitiendo con dicha solicitud copia del estado demostrativo y certificado del Contador que acrediten la existencia del saldo vencido, debidamente autorizados con su firma y sello oficiales, y acompañados de una copia de la fianza oficial contra la cual se procede, certificada en igual forma, por el Tesorero de Puerto Rico."

De la demanda y el documento que a ella se une, aparece evidente que las contribuciones de la Sucesión Serrallés sobre la renta correspondiente a los años 1918, 1919 y 1920, fueron liquidadas por el Departamento de Hacienda, pagadas por el contribuyente. De otro modo no tendría explicación posible el concepto "saldo pendiente de pago" con que se designan las diferencias entre la liquidación del Departamento de Hacienda, y la entidad (no se dice cuál) que ha rendido al Auditor el informe que el Auditor hace suyo a los fines de este litigio. La liquidación, legalmente, tiene que haberse hecho en el año en que se tenía que pagar la contribución, esto es, en 1919 para la de rentas de 1918, y así en los otros años. No cabe establecer otra presunción que la de que la ley se cumplió por el Departamento de Tesorería; y que las planillas fueron presentadas en su término legal, esto es, en 1919, 1920 y 1921.

La Ley No. 80 de 1919 (26 de junio, 1919) tiene un artículo cuyo texto es como sigue:

"Sección 56.—Cualquier contribución imponible de acuerdo con las disposiciones de esta Ley podrá ser computada e impuesta por el Tesorero dentro de cinco años después de la fecha en que se rindió

o debió rendirse la declaración, y no se iniciará ningún procedimiento para el cobro de la referida contribución después de expirados los cinco años.

"En el caso de que con el fin de evadir el pago de la contribución no se rinda la correspondiente declaración de ingresos, y en el caso de declaraciones falsas, el importe de la contribución imponible, podrá ser determinado y cobrada aquélla en cualquier tiempo, sin limitación alguna."

No aparece enmendado, de una manera expresa, ni derogado por incompatibilidad con precepto posterior, ese artículo 56.

En la Ley No. 74 de 6 de agosto de 1925, se encuentra una sección o artículo de este tenor:

"Sección 63.—Si después de promulgada esta Ley el Tesorero determina que debe hacerse una tasación relacionada con alguna contribución sobre ingresos y beneficios excesivos impuesta por la Ley de Contribuciones sobre Ingresos No. 59 de 1917, por la Ley de Contribuciones sobre Ingresos No. 80 de 1919 y por la Ley de Contribuciones sobre Ingresos No. 43 de 1921, o por cualquiera de dichas leyes según fueron enmendadas, la cantidad a tasar (bien como deficiencia o como intereses, penalidad, u otra adición a la contribución) será computada como si esta Ley no hubiere sido promulgada; pero la cantidad así computada será impuesta, cobrada, y pagada en la misma forma y estará sujeta a las mismas disposiciones y limitaciones (incluyendo las disposiciones sobre morosidad en el pago después de la notificación y requerimiento) que los casos de contribuciones impuestas por este título, a excepción de lo que en contrario dispone la sección 60."

Y la sección 60 de la misma Ley No. 74, es como sigue:

"Sección 60.—(a) Excepto lo que disponen la sección 61 y la subdivisión (d) de la sección 62:

"(1) El importe de las contribuciones sobre ingresos y beneficios excesivos y el importe de la contribución sobre ingresos impuestos por esta Ley, o por la ley de contribución sobre ingresos número 59 de 1917, la ley de contribuciones sobre ingresos número 80 de 1919, la ley de contribuciones sobre ingresos número 43 de 1921, o por cualquiera de dichas leyes según han sido enmendadas, se tasarán dentro de cinco años después de radicarse la declaración, y no podrá entablarse un procedimiento judicial para el cobro de dichas contribuciones después de vencido dicho período.

"(2) Tratándose de los ingresos recibidos durante la vida por un finado, la contribución será impuesta, y cualquier procedimiento judicial para el cobro de dicha contribución deberá empezarse, dentro de un año después de haberse hecho requerimiento escrito al efecto (radicado después de rendida la declaración) por el albacea, administrador, u otro representante fiduciario de los bienes relictos de dicho finado, pero no después del vencimiento del período prescrito para la imposición de la contribución en el párrafo (1) o (2) de esta subdivisión.

"(b) El período durante el cual la subdivisión (a) de esta sección requiere que se verifique una tasación de cualquier deficiencia será prorrogado (1) 30 días si al contribuyente le hubiere sido notificado por correo de acuerdo con la subdivisión (a) de la sección 57 y no hubiere radicado apelación alguna ante la Junta de Revisión e Igualamiento, o (2) si se hubiere radicado alguna apelación, entonces por el número de días entre la fecha del envío por correo de dicha notificación y la fecha de la decisión final de la junta."

Tomamos nota de estos textos legales porque el juez sentenciador ha hecho un cuidadoso estudio de ellos. Pero no podemos dejar de traer a esta opinión algo que es sumamente interesante. Si el derecho a cobrar contribuciones de 1918, 1919 y 1920, se había extinguido en 1925 por expresa disposición de la ley, no es de buena doctrina sostener que una ley posterior (la de agosto de 1925) reviviera ese derecho.

Entendemos ese precepto legal tal como él aparece redactado. Las leyes No. 59 de 1917, No. 80 de 1919, y No. 43 de 1921, no han sido por él derogadas; y la prescripción ya efectuada, ha creado un estado de derecho firme y definitivo. Lo contrario sería absurdo; y como se ha dicho por la jurisprudencia, toda interpretación que conduzca al absurdo debe rechazarse.

Pero, a más de lo dicho, la sección 60 de la ley que comentamos es clara, y confirmatoria de la teoría de prescripción a que nos referimos. Se invoca por el apelante la sección 61 de la misma ley, que lee así:

"Sección 61.—(a) En el caso de una declaración falsa o fraudulenta con la intención de evadir la contribución, o en el caso de haber

dejado de rendir la declaración, la contribución podrá ser impuesta, o un procedimiento entablado en una corte para el cobro de dicha contribución, en cualquier momento y sin hacerse tasación alguna.

"(b) Cuando ambos, el Tesorero y el contribuyente, hubieren acordado por escrito imponer la contribución después de transcurrido el período fijado por la sección 60 para la imposición de la misma, ésta podrá ser impuesta en cualquier momento antes del vencimiento del período acordado.

"(c) Cuando se impusiere la contribución dentro del término prescrito en la sección 60 o en esta sección, dicha contribución podrá ser cobrada mediante embargo o procedimiento judicial entablado dentro de los seis años después de impuesta la contribución. Nada de lo contenido en esta Ley se interpretará en el sentido de evitar que empiece sin tasación el procedimiento judicial para el cobro de la contribución, en cualquier momento antes del vencimiento del período dentro del cual la tasación pudiera ser hecha.

"(d) Esta sección (1) no autorizará la imposición de una contribución o el cobro de la misma mediante embargo o procedimiento judicial si en el momento de promulgarse esta Ley dicha imposición, embargo o procedimiento fuere impedido por cualquier período de prescripción existente, o (2) no afectará cualquier imposición hecha, o embargo o procedimiento judicial comenzado antes de promulgada esta Ley."

Pero nótese que las circunstancias de excepción del principio general, son claras y taxativas: "En el caso de una declaración falsa o fraudulenta con la intención de evadir la contribución, o en el caso de haber dejado de rendir la declaración. . ." Y en una demanda de la que se infiere indiscutiblemente que la declaración fué rendida y la contribución pagada, conforme a la liquidación del Departamento de Hacienda, sería indispensable alegar la falsedad o la fraudulencia en tal declaración para autorizar el procedimiento. Y eso no se ha hecho en el presente caso.

La parte apelada cita la decisión de la Corte Suprema de los Estados Unidos en el caso *New York & Albany Lighterage Company* v. *Bowers*, 273 U. S. 346, y la confirmatoria en el caso *Benjamín Russell* v. *United States*, 278 U. S. 181. En este último se cita la sección 250 de la *Revenue Act*, 1918,

que tiene gran parecido a las leyes que en este caso se invocan, notándose que en la que comentamos se dice:

"Except in the case of false or fraudulent returns. . ."

Nos creemos en el deber de copiar aquí un párrafo de la decisión de que tratamos (*Russell* v. *United States*) que sostiene sabia doctrina. Es como sigue:

"Si una tasación practicada antes de esa fecha cae dentro de los ámbitos de la sección 278, su efecto sería retroactivo; y en verdad produciría cambios radicales en el *status* de la reclamación presentada contra los peticionarios—prorrogaría por unos cinco años una responsabilidad que ya casi había expirado. El caso *United States* v. *Magnolia Petroleum Company*, 276 U. S. 160, declara: 'No debe darse a los estatutos efecto retroactivo ni interpretárseles de forma que se varíe el *status* de las reclamaciones fijadas con arreglo a disposiciones anteriores, a menos que aparezca claramente el propósito del legislador de hacerlo así.' No puede inferirse de la fraseología de la sección 278, ni de ninguna otra, un propósito, claro de cambiar el *status* de la reclamación presentada contra los peticionarios, tal como existía precisamente antes del 2 de junio de 1924."

La excepción en cuanto a la prescripción fué bien resuelta por la corte de distrito. Y estaba bien planteada por la parte en excepción previa, ya que de la misma demanda surgen con inevitable lógica los elementos necesarios para la excepción.

No es necesario considerar los demás señalamientos de error, ya que éste por nosotros resuelto es suficiente para la confirmación de la sentencia.

*Debe confirmarse la sentencia apelada.*

EN RECONSIDERACION
San Juan, Puerto Rico, marzo 31, 1930

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

Se nos pide reconsideremos nuestra sentencia de fecha 3 de diciembre de 1929, en el sentido de modificar la del inferior para que se permita a la parte demandante enmendar su demanda.

Este tribunal ha tendido constantemente a ejercitar su discreción en el sentido de permitir las enmiendas razonables o justificables, no arbitrariamente. El límite de tal discreción se halla en la razonabilidad de la enmienda, y en que las circunstancias sean tales que los fines de la justicia se beneficien por la concesión. Esto no quiere significar que la discreción judicial pueda ejercitarse en forma que permita a un demandante molestar indefinidamente al demandado, o a éste prolongar el pleito innecesariamente.

En esta petición de reconsideración se alegan como motivos principales que el demandante, si pudiera enmendar, aduciría en la demanda enmendada, que las planillas de los demandados no demuestran el verdadero capital invertido, ni contienen la información necesaria para la distribución de las deducciones, ni han establecido con verdad las deducciones, que los datos en ellas son inciertos, incorrectos y falsos; y que la demandada por medio de recursos y alzadas, impidió el ejercicio de la acción de cobro de contribuciones, hasta 1924; que la demanda puede enmendarse en el sentido de alegar que en el caso hubo una imposición de contribuciones desde la resolución de la Junta de Revisión e Igualamiento, y que la demandada ha sido requerida en muchas ocasiones para que pague la cantidad que ahora se le cobra.

No es dudoso que casi todo lo que ahora parece se quiere traer a la demanda enmendada pudo ser alegado antes. Pero ésta es materia que no habría de estorbar el ejercicio de la discreción.

Se ha invocado el caso *Vellón* v. *Central Pasto Viejo, Inc.,* 37 D.P.R. 567, y de la decisión un párrafo que dice:

"Un sistema de procedimiento distinto se ha instaurado, y una de sus modalidades es la de la concesión de enmiendas a las alegaciones que se inspira en el deseo de que los pleitos se tramiten con toda corrección y a la vez en el de asegurar a las partes el propio fallo que demande la justicia. Y a los efectos de la prescripción, la jurisprudencia se ha encargado de establecer que la demanda enmendada sustituye a la original, excepto en lo que se refiere a la presentación o

iniciación del pleito para lo cual hay que atender a la demanda original. *Sucesión Chavier* v. *Sucesión Giráldez,* 15 D.P.R. 154, y casos citados en la opinión. Excepción hecha también del caso en que la enmienda introduzca una nueva o diferente causa de acción. (37 Corpus Juris 1074.) Y aquí la enmienda versó sobre algo substancial, es cierto, pero no introdujo una nueva o diferente causa de acción. Completó la propia acción desde un principio ejercitada.''

Y se nos invoca la doctrina en *Fajardo Development Co.* v. *Sucesión Morfi,* 17 D.P.R. 688, en cuanto a liberalidad en la concesión de enmiendas, y cuándo deben denegarse.

No creemos que, al conceder el derecho de enmendar, pueda este tribunal restringir el ejercicio de tal derecho.

*La sentencia dictada en este caso debe modificarse en el sentido de permitir a la parte demandante que enmiende su demanda.*