524

Francisco Soto Gras, demandante-apelado-apelante, *v.* Manuel V. Domenech, Tesorero de Puerto Rico, demandado-apelante-apelado.

No. 5561.—*Sometido:* Marzo 27, 1931. *Resuelto:* Julio 7, 1931.

*Attorney General James R. Beverley* y *Tomás Torres Pérez, Subprocurador,* abogados del demandado apelante; *J. J. Ortiz Alibrán* y *F. Soto Gras,* abogados del demandante apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Este pleito versa sobre devolución de contribuciones pagadas bajo protesta. Fué resuelto en favor del contribuyente, sin especial condena de costas. Ambas partes apelaron, el tesorero del pronunciamiento relativo a la devolución, el contribuyente del de la no imposición del pago de las costas al Tesorero.

En la demanda se alegaron dos causas de acción. Se funda la primera en haber radicado el contribuyente en abril de 1919 su declaración de ingresos correspondiente al 1918 con un total de beneficios netos de $11,436.53 y haber satis-

fecho la contribución de conformidad. Y en que así las cosas en septiembre de 1926 fué requerido por el Tesorero para pagar una suma adicional a virtud de haber fijado dicho funcionario los ingresos en $12,297.42. Se funda la segunda en haber radicado el contribuyente su declaración de ingresos correspondiente al año 1919 en abril de 1920 con un total de beneficios netos de $11,879.48 y haber pagado la contribución de conformidad. Y en haber sido requerido por el Tesorero en septiembre de 1926 para que pagara una suma adicional por haber aumentado dicho funcionario los ingresos a $12,833.86. En ambos casos después de agotar el contribuyente la vía administrativa, pagó bajo protesta las cantidades reclamadas—$54.93 y $313.13—e inició este pleito en la Corte Municipal de San Juan en abril de 1930, de acuerdo con lo prescrito en la sección 3 de la Ley No. 8 de 1927. El 24 de julio de 1930 la corte municipal desestimó la demanda. Apeló el contribuyente a la corte del distrito y ésta el 16 de diciembre del propio año dictó la sentencia a que nos referimos al principio.

El contribuyente invocó en su favor la prescripción de cinco años que fija el estatuto especial aplicable. Al contestar el demandado, alegó que las planillas presentadas por el contribuyente en 1919 y 1920 eran incorrectas, por no contener una declaración terminante de todos los ingresos tributables percibidos por él y por consiguiente falsos, lo que motivó su revisión y el cobro de la suma adicional correspondiente que, en tal caso, puede hacerse en cualquier tiempo.

Pidió el demandante sentencia sobre las alegaciones y la corte aplicando las secciones 61, apartados (a) y (d) y 60 de la Ley No. 74 de 1925, no encontrando en la contestación alegación alguna de fraude ni de falsedad con la intención de evadir el pago de la contribución, desestimó la demanda.

En su alegato el Tesorero apelante hace el siguiente señalamiento de errores:

"1. La Corte erró al declarar en su sentencia que la acción del

Tesorero de Puerto Rico para el cobro de las contribuciones impuestas ha prescrito.

"2. La Corte erró al declarar en su sentencia que una declaración falsa no incluye una declaración meramente incorrecta o errónea siendo necesario que las mismas sean fraudulentas.

"3. La Corte erró al declarar que de la contestación debe aparecer alegado que las declaraciones sean fraudulentas.

"4. La Corte erró al declarar con lugar la moción de' sentencia por el mérito de las alegaciones y con lugar la demanda."

Estudiaremos conjuntamente las cuestiones que dichos errores levantan.

■■ En primer lugar debe esclarecerse cuál es la ley aplicable. La corte de distrito basó por entero su sentencia en la Ley No. 74 de 1925. Si esa ley rige, la conclusión de la corte sería enteramente correcta. Pero el Tesorero apelante sostiene que el caso se regula por la Ley No. 80 de 1919 y si ello es así, la cuestión envuelta sería por lo menos dudosa.

La sección 56 de la Ley No. 80 de 1919, dice:

"Cualquier contribución imponible de acuerdo con las disposiciones de esta Ley podrá ser computada e impuesta por el Tesorero dentro de cinco años después de la fecha en que se rindió o debió rendirse la declaración, y no se iniciará ningún procedimiento para el cobro de la referida contribución después de expirados los cinco años.

"En el caso de que con el fin de evadir el pago de la contribución no se rinda la correspondiente declaración de ingresos, y en el caso de declaraciones falsas, el importe de la contribución imponible, podrá ser determinado y cobrada aquélla en cualquier tiempo, sin limitación alguna."

La sección 63 de la Ley No. 74 de 1925, dispone:

"Sección 63.—Si después de promulgada esta Ley el Tesorero determina que debe hacerse una tasación relacionada con alguna contribución sobre ingresos y beneficios excesivos impuesta por la Ley de Contribuciones sobre Ingresos No. 59 de 1917, por la Ley de Contribuciones sobre Ingresos No. 80 de 1919 y por la Ley de Contribuciones sobre Ingresos No. 43 de 1921, o por cualquiera de dichas leyes según fueron enmendadas, la cantidad a tasar (bien como

deficiencia o como intereses, penalidad, u otra adición a la contribución) será computada como si esta Ley no hubiere sido promulgada; pero la cantidad así computada será impuesta, cobrada y pagada en la misma forma y estará sujeta a las mismas disposiciones y limitaciones (incluyendo las disposiciones sobre morosidad en el pago después de la notificación y requerimiento) que los casos de contribuciones impuestas por este título, a excepción de lo que en contrario dispone la Sección 60.''

La sección 60 de la propia Ley No. 74 de 1925, en lo pertinente, prescribe:

''Sección 60.—(a) Excepto lo que disponen la sección 61 y la subdivisión (d) de la sección 62:

''(1) El importe de las contribuciones sobre ingresos y beneficios excesivos y el importe de la contribución sobre ingresos impuestos por esta Ley, o por la ley de contribución sobre ingresos número 59 de 1917, la ley de contribuciones sobre ingresos número 80 de 1919, la ley de contribuciones sobre ingresos número 43 de 1921, o por cualquiera de dichas leyes según han sido enmendadas, se tasarán dentro de cinco años después de radicarse la declaración, y no podrá entablarse un procedimiento judicial para el cobro de dichas contribuciones después de vencido dicho período.''

Y la sección 61 de la misma, en lo pertinente, ordena:

Sección 61.—(a) En el caso de una declaración falsa o fraudulenta con la intención de evadir la contribución, o en el caso de haber dejado de rendir la declaración, la contribución podrá ser impuesta, o un procedimiento entablado en una corte para el cobro de dicha contribución, en cualquier momento y sin hacerse tasación alguna.''

Como sabemos, aquí se trata de contribuciones correspondientes a los años 1918 y 1919 a virtud de declaraciones rendidas en 1919 y 1920, revisadas por el Tesorero en 1926.

Las leyes de 1919 y 1925 son iguales en cuanto fijan el período de cinco años para verificar la tasación en los casos corrientes, pero difieren fundamentalmente en sus disposiciones referentes a los casos en que la tasación puede verificarse en cualquier tiempo.

Según la Ley de 1919 podía verificarse la tasación en

cualquier tiempo "en el caso de que con el fin de evadir el pago de la contribución no se rinda la correspondiente declaración de ingresos, y en el caso de declaraciones falsas."

Según la Ley de 1925, "en el caso de una declaración falsa o fraudulenta con la intención de evadir la contribución, o en el caso de haber dejado de rendir la declaración."

La Ley de 1919 exigía para·el caso de dejarse de rendir la declaración que lo fuera con el fin de evadir el pago de la contribución. La de 1925 fija escuetamente el hecho de dejarse de rendir la declaración. Esto en nada influye en la resolución de este caso. Lo que pudiera tener influencia es que la Ley de 1919 sólo exigía que la declaración fuera falsa, mientras que la de 1925 exige que la declaración sea "falsa o fraudulenta con la intención de evadir el pago de la contribución," ya que falso tal como se usa en la Ley de 1919 ha sido definido e interpretado como incorrecto. Klein, Federal Income Taxation, pág. 1470; *Seaman* v. *Bowers,* 297 Fed. 375; 25 C. J. 435, 436.

Todo estriba a nuestro juicio en la interpretación que se dé a la sección 63 de la Ley de 1925.

"Si después de promulgada esta ley" (la de 1925) "el Tesorero determina que debe hacerse una tasación", como sucedió en este caso, "relacionada con alguna contribución sobre ingresos . . . impuesta por la ley de contribuciones sobre ingresos . . . No. 80 de 1919 . . . la cantidad a tasar . . . será computada como si esta ley no existiera. . ."

¿Hace referencia la acción de computar al período dentro del cual puede verificarse la computación? Quizá, pero las disposiciones de la propia sección que siguen, a saber, que "la cantidad así computada será impuesta, cobrada y pagada en la misma forma y estará sujeta a las mismas disposiciones y limitaciones . . . que los casos de contribuciones impuestas por este título, a excepción de lo que en contrario dispone la sección 60," y el no haber podido encontrar nada en contrario en la sección 60, nos lleva a resolver nuestra duda

en el sentido de que a partir de la vigencia de la Ley de 1925, aunque se trate de contribuciones computadas de acuerdo con las leyes de 1917, 1919 y 1921, debe aplicarse lo preceptuado en la sección 61, apartado (a) de dicha ley. Y aplicándolo es necesario concluir, como ya dijimos, que la sentencia que dictó la corte de distrito es la justa y procedente. La apelación del Tesorero debe, pues, declararse sin lugar.

Consideremos ahora la apelación del contribuyente.

A nuestro juicio también debe ser declarada sin lugar. Como acabamos de ver, se trata de una cuestión dudosa, debatible, y no puede asegurarse bajo esas circunstancias que la corte de distrito abusó de su poder discrecional al no imponer el pago de las costas al demandado por no considerarlo temerario.

En el caso de *Morales* v. *Peña,* 40 D.P.R. 186, esta corte resolvió:

"El mantenimiento de teorías opuestas y discutibles no debe tenerse por acto de temeridad que justifique la condena en costas de una parte."

*Deben, en tal virtud, desestimarse ambos recursos y confirmarse la sentencia apelada.*