EL PUEBLO DE PUERTO RICO, demandante y apelante, *v.* SOCIEDAD CIVIL BORDA & CALAF, demandada y apelada.

No. 6119.—*Sometido:* Diciembre 19, 1933. *Resuelto:* Enero 12, 1934.

*Hon. Procurador General B. Horton* y *M. Rodríguez Serra, Procurador General Auxiliar,* abogados del apelante; *R. Castro Fernández,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

La corte de distrito sostuvo una excepción previa a la segunda demanda enmendada en una acción en cobro de contribuciones y declaró ésta sin lugar. La excepción, basada en falta de hechos suficientes para determinar una causa de acción, especificaba: que la acción necesariamente está basada en el inciso (*b*) de la sección 57 de la Ley de Contribuciones sobre Ingresos No. 74, aprobada el 6 de agosto de 1925 (leyes de ese año, páginas 400, 514), y que está prescrita por haber sido iniciada más de un año después de haberse emitido cierta decisión por la Junta de Revisión e Igualamiento en febrero 18, 1924; y que habiéndose incoado la acción más de cinco años después de radicarse cierta declaración de ingresos, que se alegaba había sido archivada en 11 de abril de 1921, también está prescrita de acuerdo con la sección 60 de la ameritada ley.

En abril de 1921 Borda & Calaf radicaron su planilla de ingresos para el año 1920. Ésta demostraba un ingreso neto tributable ascendente a $188,645.68; un capital de $190,648.26; y beneficios acumulados al haber de ganancias y pérdidas por la suma de $9,795.81, lo que hacía un total de $200,444.07. El Departamento de Hacienda, después de hacer un examen original de esa planilla tomó el ingreso neto tal cual había sido

declarado, y fijó el capital invertido en la suma de $190,648.26, sin deducir la de $9,765.81. Como resultado de esta liquidación se fijó una contribución de $34,383.96. Una investigación posterior de los libros demostró, según un informe hecho en mayo de 1922, ingresos por la suma de $187,719.30 sujetos a aumento por rebajas del ingreso neto, como sigue:

Contribución sobre ingresos _____$4, 691. 26

125 piezas de railes_____ 1, 110. 00

Por consiguiente, según la demanda, la declaración correspondiente al año 1920 fué falsa, habiéndose hecho las deducciones de estas dos partidas voluntaria e ilegalmente con el fin de evadir el pago de las contribuciones sobre ingresos para dicho año, siendo el ingreso neto para el citado año $193,520.56, en vez de $187,719.30 fijado en dicha planilla. El capital invertido, según los libros de contabilidad fué el mismo que el especificado en la planilla, o sea, $200,444.07. Según el informe de los inspectores, este capital invertido de $200,444.07 estaba sujeto a una rebaja de $15,499.86, debido a que los socios Borda y Calaf habían retirado $1,017.04 y $14,482.82, respectivamente. Tomando como base un capital invertido de $184,944.21 y un ingreso neto de $193,520.56, el Tesorero calculó nuevamente la contribución, fijándola en $38,810.84, y expidió un recibo adicional por $4,426.88. Esta actuación del Tesorero fué notificada en julio de 1922. El capital invertido, ascendente a $184,944.21, representaba la diferencia entre $200,444.07 y la suma total de $15,499.86 retirada por las partes. Así, pues, la contribución de 1920 fué fijada en julio de 1922 en la suma de $38,810.84.

Borda & Calaf apelaron para ante la Junta de Revisión e Igualamiento y solicitaron que se hiciera una liquidación a base de un ingreso neto de $66,825.93 y de un capital invertido de $505,544.40. El ingreso neto ofrecido como base para tal liquidación fué calculado deduciendo las pérdidas que el demandante alegó había sufrido en 1921, y el capital invertido equivalía al resultado obtenido al agregar el valor de terrenos arrendados (de los cuales Borda & Calaf no eran

dueños) a una suma en exceso de $300,000. En noviembre de 1922, la Junta de Revisión e Igualamiento admitió la partida de $1,110, valor de los railes, como una deducción de los ingresos netos, fijando estos últimos en la suma de $192,410.56 y el capital invertido en $200,444.07. Como resultado de esa actuación, el Tesorero libró un nuevo recibo por $614.28 y notificó de ello a Borda & Calaf en diciembre 15, 1922. La Junta de Revisión se negó a reconsiderar en mayo de 1923.

Más tarde la Junta de Revisión, que había procedido de conformidad con los artículos 309, 310, 311, 313 y siguientes del Código Político, fué substituída por una nueva junta que se regía por las disposiciones de una ley ''Para crear una nueva Junta de Revisión e Igualamiento y enmendar los artículo 308, 310 y 313 del título IX, capítulo 1, del Código Político de Puerto Rico, y para otros fines,'' aprobada el 2 de agosto de 1923 (leyes de ese año, pág. 605). En febrero de 1924, Borda & Calaf acudieron ante esta nueva junta y una vez más solicitaron la reconsideración. La nueva junta aceptó como una deducción la suma de $33,957.67, gastada en cultivo, y $6,752.25, proveniente de una diferencia de 45 centavos por quintal en 6,002 sacos de azúcar en existencia de a 250 libras cada uno. La deducción de $33,957.67 formaba parte de una inversión de $87,426.25 en el costo de cultivo, que se alegaba constituía gastos incurridos en relación con ''otras concesiones'' de 1921 y 1922, pero no gastos incurridos durante el año contributivo 1920. La teoría de la demanda es que estos $23,957.67 constituían un inventario de gastos o un activo que no podía ser deducido del ingreso neto, dentro del significado de la sección 12 de la ley de 1921, y que la acción de la junta en febrero de 1924, autorizando tal deducción, era arbitraria e ilegal, nula y sin efecto legal, por ser contraria a la ley y *ultra vires,* toda vez que la junta carecía de facultad para reconsiderar la resolución de su predecesora. Borda & Calaf no radicaron una declaración adicional dentro de los treinta días prescritos por la sección 60 de la ley de 1921 y por ese motivo la demanda también ataca la actuación de la junta al

conceder la rebaja de $6,752.25, como arbitraria, contraria a derecho, *ultra vires* y por ende carente de todo valor y efecto legal. Como resultado del proceder de la nueva Junta de Revisión, la contribución, alega el demandante, fué ilegal y arbitrariamente fijada en la suma de $21,582.88.

En supuesto cumplimiento de la sección 126 del Código Político, el Contador de Puerto Rico, luego de investigar los hechos que el récord revelaba, llegó a la conclusión de que la suma que se adeudaba era $38,555.55, o sea, $259.29 menos que la contribución fijada por el Tesorero en julio de 1922.

La alegación final es que, aplicando la suma fijada por la última decisión de la junta, o sea, $21,582.88, al total que debió ser pagado, $38,555.55, hay una deficiencia de $16,972.67, que Borda & Calaf no han pagado en todo ni en parte, que está vencida y es líquida y exigible. Se solicita el pago del importe de tal deficiencia con intereses y penalidades estatutarias, todo ello de conformidad con las disposiciones del artículo 82 de la Ley de 1925 y en consonancia con el inciso (*b*) de la sección 57 de la misma.

De conformidad con el inciso (*b*) invocado por la súplica de la demanda, el procedimiento allí autorizado debe ser iniciado dentro del año, a contar de la fecha en que la junta emitió su decisión. La sección 82 no ofrece punto de escape alguno de este impedimento estatutario. Si por otra parte la acción de la nueva Junta de Revisión puede ser descartada como una nulidad absoluta y considerar este pleito como uno iniciado para recobrar la suma anteriormente fijada por el Tesorero en armonía con la decisión de la anterior junta, entonces la acción no fué iniciada dentro del período de cinco años prescrito por la sección 60 de la Ley de 1925.

■■■ Empero, el apelante descansa principalmente en la sección 61(*a*) que provee lo siguiente:

"En el caso de una declaración falsa o fraudulenta con la intención de evadir la contribución, o en el caso de haber dejado de rendir la declaración, la contribución podrá ser impuesta, o un procedimiento entablado en una corte para el cobro de dicha contribución, en cualquier momento y sin hacerse tasación alguna."

La alegación relativa a "una planilla de ingresos falsa o fraudulenta con el objeto de evadir el pago de las contribuciones," especifica dos partidas consignadas en la planilla como deducciones legítimas, una por $4,691.26 que se alegaba fué pagada por concepto de contribuciones sobre ingresos, y la otra partida por $1,110, como el valor de ciertos railes. La partida de $4,691.26, de haber sido concedida, hubiese producido una diferencia de unos dos o tres cientos dólares, suma que equivalía más o menos al exceso que el Auditor halló en el importe total de la contribución fijada por el Tesorero y por la antigua Junta de Revisión e Igualamiento. Admitiendo, para los fines de la argumentación, que una planilla falsa, presentada con el objeto de evadir el pago de una cantidad tan pequeña en un caso que envuelve algo menos de $40,000 bastaría para eliminar el límite estatutario, sin embargo, en tal caso, a decir lo menos, no debe amortiguarse la regla que requiere que se aleguen hechos para substanciar la conclusión de la parte que hace tal alegación. Véanse *Soto Gras* v. *Domenech*, 42 D.P.R. 524; *Torres* v. *Junta Insular de Elecciones*, 40 D.P.R. 429; y *Pueblo* v. *Serrallés*, 40 D.P.R. 228. La aserción vaga de que una investigación de los libros por el Departamento de Hacienda indicó que debían rebajarse $4,691.26 (suma que se alegaba había sido pagada como contribuciones sobre ingresos) del ingreso neto, no es una razón muy satisfactoria para llegar a la conclusión respecto a la naturaleza falsa y fraudulenta de la alegación de que esta suma había sido pagada como contribución sobre ingresos. La otra partida de $1,110 concedida posteriormente por la antigua Junta de Revisión no embargante la investigación e informe anteriores, hechos por el Departamento de Hacienda, no es ciertamente un indicio de fraude. Ni el Auditor en su investigación ulterior, ni el demandante en la presente acción, impugna la validez de la decisión de la junta con respecto a esta partida de $1,110. Sin embargo, fuera del hecho de que la junta aparentemente convino con el Tesorero en una ocasión y adoptó un criterio distinto en otra, las dos partidas

permanecen al mismo nivel en lo que a una base para la alegación de una intención fraudulenta se refiere. Tomando todo en consideración, la alegación deja de aducir hechos suficientes para justificar la conclusión de que Borda & Calaf archivaron una declaración falsa y fraudulenta, con intención de evadir el pago de sus contribuciones sobre ingresos.

El apelante rechaza la teoría de una acción basada en una nueva fijación de contribuciones por el Auditor o en cualquier revisión por este funcionario de lo actuado por el Tesorero o de la decisión a que llegó una u otra Junta de Revisión, y sostiene que el objeto único de la alegación en lo atinente a la investigación practicada por el Auditor "de conformidad con el artículo 126 del Código Político" y el resultado de ella, fué explicar por qué el demandante trataba de recobrar $16,972.67 solamente, en vez de $17,227.96. Sobre cualquiera otra teoría, la acción estaba prescrita y *la sentencia apelada debe ser confirmada.*